## THOMAS HENRY ROSS v. DULUTH, MISSABE & IRON RANGE RAILWAY COMPANY.[1]

November 5, 1937.

No. 31,579.

*Clarence J. Hartley* and *Dennis F. Donovan,* for appellant.
*Lewis, Grannis & Underhill,* for respondent.

STONE, JUSTICE.

This case is before us on plaintiff's motion to dismiss defendant's appeal from an order denying a second motion in the alternative for judgment notwithstanding the verdict or a new trial.

Plaintiff got his verdict June 3, 1937. On the minutes of the court, defendant made its first motion for judgment notwithstanding or a new trial. That motion was denied July 1 and notice of the order served on counsel for defendant July 6. In consequence, the time for appeal expired August 5.

In the meantime, a case having been settled, defendant again moved for judgment notwithstanding or a new trial July 28. The motion was heard August 6. At the hearing plaintiff objected,

[1]Reported in 275 N. W. 622.

without success, to any consideration of the motion because of the denial of the earlier one for the same relief. The second motion was denied September 3.

The appeal must be and is dismissed under the rule of Barrett v. Smith, 183 Minn. 431, 237 N. W. 15. It does not help the appellant that in its first motion on the minutes it expressly did all it could to reserve its right to make a second motion for the same relief if the first were denied. Nor does it matter that counsel for plaintiff, by making no objection to the settlement of the case and by admitting service of defendant's printed record on this appeal and otherwise, have done all they could to waive all defects. The result of the second motion was only to confirm the original order, which had neither been vacated, suspended, nor appealed from within the time limited by statute. The order on the second motion was in substance one refusing to vacate an appealable order, the time to appeal from which had passed. Hence, under the rule of Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, there is nothing for us to do but dismiss.

The defendant's printed record can be used on the appeal from the judgment if there is one.

Appeal dismissed.