TILLIE HOFFER v. ROSCOE FAWCETT AND OTHERS.[1]

March 17, 1939.

No. 32,022.

[1]Reported in 284 N. W. 873.

*Carl C. Meixner,* for appellant.

*Dan J. O'Connell,* for respondents Mattie G. Bock and Mira B. Fawcett.

PER CURIAM.

Action for malicious prosecution and false arrest alleged to have taken place February 5, 1935. After issue joined, the cause came on for trial October 19, 1936, before Judge A. W. Selover, when plaintiff's then attorney, in open court, moved for a dismissal without prejudice for the assigned reason that he had not been able to locate his client. The motion was granted. Mr. Dan J. O'Connell, who interposed answers for Mrs. Fawcett and Mrs. Bock, was present, as was also Mr. Chester W. Johnson. who had answered for defendant Roscoe Fawcett. On March 23, 1937, plaintiff by another attorney, Mr. John F. Dahl, moved to vacate the dismissal and reinstate the action on the calendar for trial. Notice of the hearing of the motion was served on the respective attorneys of defendants. Mr. O'Connell appeared in behalf of defendants Mrs. Fawcett and Mrs. Bock and by affidavit showed that defendant Roscoe Fawcett died June 30, 1936; that as attorney for Mrs. Fawcett and Mrs. Bock he was prepared to try the cause on October 19, 1936, when called for trial; that his services for said defendants terminated with the dismissal of the cause and that he had advised his clients that the litigation was ended by the dismissal. Plaintiff's motion to vacate the dismissal was denied by order filed March 24, 1937, and notice of such denial was served on plaintiff's then attorney, Mr. John F. Dahl, on March 27, 1937, though the proof of such service was not filed in the office of the clerk of the court until July 27, 1938. No appeal from this order was taken until the attempted appeal of November 1, 1938, whereby plaintiff assails not only the judgment of dismissal, entered on motion of her present attorney October 24, 1938, vacating the order to show cause issued July 7, 1938, and adjudging and decreeing the proceeding instituted by plaintiff dismissed, but also purports to

614

appeal from the order of Judge Selover dismissing the case without prejudice on October 19, 1936, the order of March 24, 1937, refusing to vacate the dismissal, and the order of September 22, 1938, discharging the order to show cause on the specific ground of want of jurisdiction.

There can be no doubt of the authority of Mr. Rerat, plaintiff's counsel who brought the action, to move for a dismissal thereof in open court when defendants were present ready for trial. Rogers v. Greenwood, 14 Minn. 256 (333). Such dismissal entered on the minutes was effective to terminate the action without formal entry of judgment. Mason Minn. St. 1927, §§ 5690, 9322. The dismissal being under § 9322(1) and in open court with defendants' attorneys there, no notice of the dismissal was required to be served upon them. Of course plaintiff had the right to move the court to vacate the dismissal and for reinstatement of the action on the calendar, as she did by another attorney, Mr. Dahl. Macknick v. Switchmen's Union, 131 Minn. 246, 154 N. W. 1099. The order denying that motion was appealable. Defendants set the time running for taking an appeal therefrom by the service of notice of the filing of the order on Mr. Dahl on March 27, 1937. When 30 days from that date expired without an appeal being taken, the action was ended as to defendants Mrs. Fawcett and Mrs. Bock, and it was not again open to plaintiff to apply to the discretion of the court to vacate the dismissal on the ground of Mr. Rerat's culpable wrong, or on account of any want of diligence of Mr. Dahl. The action and also the cause of action as to defendant Roscoe Fawcett ended with his death June 30, 1936.

We think the only action of the court below open to attack in this appeal is the order of September 22, 1938, discharging the order to show cause why the dismissal of October 19, 1936, should not be vacated. It is not necessary to decide whether or not the court rightly concluded that jurisdiction of defendants Mrs. Fawcett and Mrs. Bock was not acquired by the service of the order to show cause on their former attorney, Mr. O'Connell, long after his relation as their attorney had ended, for we are of the opinion that the order of March 24, 1937, standing as a finality and unassailable,

on this appeal, any attempt, on the showing made upon the order to show cause, to vacate the dismissal would be an abuse of judicial discretion.

The order of September 22, 1938, and judgment are affirmed.

Mr. Justice Hilton, incapacitated by illness, took no part.

