RICHARD H. CRAWFORD, SUBSTITUTED FOR JOHN
GONYEA AS SPECIAL ADMINISTRATOR OF ESTATE
OF JOHN LAWRENCE GONYEA, v. DULUTH,
MISSABE AND IRON RANGE
RAILWAY COMPANY.[1]

April 13, 1945.

No. 34,015.

*James J. Courtney* and *Beldin H. Loftsgaarden,* for appellant.
*Dennis F. Donovan,* for respondent.

PER CURIAM.

On January 18, 1944, the jury returned a verdict in favor of defendant. Plaintiff's motion for a new trial on the minutes was denied April 25. The order was filed May 3. No notice of the filing of this order was made, served, or filed at any time, as required by Minn. St. 1941, § 605.08 (Mason St. 1927, § 9497), so as to limit the time within which to take an appeal therefrom. Plain-

[1]Reported in 18 N. W. (2d) 317.

tiff ordered a transcript of the testimony, and on July 14 the court settled the case. On July 20, plaintiff served notice of a motion "for leave to renew the motion heretofore made upon the minutes of the court," and "for an order vacating and setting aside the verdict heretofore rendered therein and granting a new trial." This motion was heard July 31 and denied December 9. Plaintiff made no motion to vacate the order denying his motion on the minutes, and it has not been vacated. The second motion was entertained by the court and decided on its merits. Plaintiff appeals from the order of December 9. Defendant moves to dismiss the appeal.

In Barrett v. Smith, 183 Minn. 431, 439, 237 N. W. 15, 18, this court, in considering substantially the same question as is here involved, said:

"* * * If the court has the power to reconsider, as obviously it has, and does so and again denies the motion, why should there not be an appeal, even though the time for appealing from the first order has expired? The answer is in the statute (G. S. 1923 [2 Mason, 1927] § 9497) terminating the right of appeal 30 days from notice of the order. That period cannot be extended by agreement of the parties or order of court. 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 318. So where the second motion results only in confirming the original order, which has neither been vacated nor appealed from within the time limited by statute, the right to appeal is gone beyond power of recall. We cannot hold that the right of appeal is revived or continued by what at best is merely an unsuccessful motion to vacate the first order. Our law has long been settled to the contrary. Worrlein v. Maier, 177 Minn. 474, 225 N. W. 399, following Little v. Leighton, 46 Minn. 201, 48 N. W. 778. The contrary rule would permit form to control substance and leave the termination of the time for appeal in the realm of uncertainty and at the mercy of mere implication, whereas by nature it is something which should always be determinable by express and certain record. There would have been no difficulty in this case had there been a vacation (either before or after expiration

of the time for appeal) of the order denying defendants' first motion for a new trial, followed by a reconsideration of the merits on defendants' second motion and an order denying that. In such case there could be no question of the right to appeal from the last order.

"* * * A litigant desiring to renew a motion for new trial should make prompt application for leave to submit the second motion, at the same time asking that if such leave be granted the order denying the first motion be vacated pending the consideration and determination of the second. If on such a motion the judge concludes to reconsider the issue on the merits, he should promptly and without hesitation vacate his first order. Thereby all doubt would be removed. The needful express and certain record would be made. What was intended and done would be made to appear plainly and all question of the right of appeal from the second order removed. It would not be a mere nonappealable refusal to vacate a prior order, but in real substance an order denying a new trial and so appealable. The expiration of the period of appeal cannot sensibly be left in doubt or at the mercy of an equivocal motion or mere implication from orders not squarely meeting the matter and showing plainly what has been done.

"A strict and definite rule is needed. We hold it to be that where the right of appeal from an unvacated appealable order has expired the right of appeal is not revived by a negative order on a second motion for the same relief. It being plain that the court is not required even to entertain a second application for the same relief (J. I. Case T. M. Co. v. Huffman, 86 Minn. 30, 90 N. W. 5) it need not be feared that motions will be repeated in any other than exceptional cases where it is considered the circumstances require it."

In General Motors Acceptance Corp. v. Jobe, 188 Minn. 598, 248 N. W. 213, the order denying a new trial was filed July 21, 1932, and notice thereof served on defendant August 24. On August 23, defendant gave notice of motion, to be heard September 6, to set

aside the court's order of July 21, to renew the former motion on all the grounds set forth in the said former motion. On September 24, the court denied the second motion. This motion was entertained by the court and decided on its merits. The first order was never vacated. Defendant appealed from the second order on October 28. This court followed the rule laid down in Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, *supra,* and held that the appeal from the order was not taken within time. In this case also the right of appeal from an unvacated appealable order had expired when the second order was made. In Ross v. D. M. & I. R. Ry. Co. 201 Minn. 225, 275 N. W. 622, defendant made two motions for judgment notwithstanding the verdict or a new trial. Both were denied. The second was not heard until after the time for appeal from the order denying the first had expired. The first order in the meantime had not been vacated or suspended. This court held that the second order was, therefore, in effect an order refusing to vacate an appealable order and so not appealable. The court said (201 Minn. 226, 275 N. W. 622):

"The appeal must be and is dismissed under the rule of Barrett v. Smith, 183 Minn. 431, 237 N. W. 15. It does not help the appellant that in its first motion on the minutes it expressly did all it could to reserve its right to make a second motion for the same relief if the first were denied. Nor does it matter that counsel for plaintiff, by making no objection to the settlement of the case and by admitting service of defendant's printed record on this appeal and otherwise, have done all they could to waive all defects. The result of the second motion was only to confirm the original order, which had neither been vacated, suspended, nor appealed from within the time limited by statute. The order on the second motion was in substance one refusing to vacate an appealable order, the time to appeal from which had passed. Hence, under the rule of Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, there is nothing for us to do but dismiss."

In In re Guardianship of Jaus, 198 Minn. 242, 269 N. W. 457, the probate court on July 24, 1935, made its final order settling and allowing a guardian's account. On August 15, appellant, the ward, served notice of appeal from that order. On August 26, the notice, with proof of service, and an appeal bond were filed. The probate court thereupon made its return to the district court, but the fee for making the return was not paid. On October 12, because of appellant's failure to pay the fee, on motion, by respondent, the district court dismissed the appeal. Respondent served the statutory notice of the filing of the dismissal on November 7. On the same day, appellant served a notice of motion for "an order vacating the order of dismissal." On November 16, the district court made its order denying appellant's motion. Appellant appealed to this court from the last named order. There was no appeal from the order of October 12. Appellant had made no application to the district court to vacate provisionally the order of October 12 for the purpose of having resubmitted and reargued the question of the propriety of its original order dismissing the appeal from the probate court. The appeal to this court was taken December 23, 1935, and respondent moved its dismissal. It was held that the order appealed from was not appealable, and the appeal was dismissed. The court said (198 Minn. 244, 246, 269 N. W. 458, 459):

"Is the order here for review an appealable one? We think that question must be answered in the negative. Insofar as that order denied the motion to vacate the former order it was clearly not appealable. [Citing cases.] The case last cited goes into our prior cases most thoroughly, and the correct procedure is there pointed out to avoid the pitfall into which appellant has unwittingly fallen.

\* \* \* \* \*

"When the order here for review was made there was still time to appeal from the first order, that of October 12, as the notice was not served until November 7; hence an appeal could be taken at any time up to December 7."

In this case the proper practice was not followed. There was no vacation and no application for a vacation of the first order pending consideration of the second one. This court laid down the rule in Barrett v. Smith, 183. Minn. 431, 237 N. W. 15, where it stated:

"* * * And if the matter is to be reconsidered, the first order should be vacated pending the reconsideration."

No notice was served upon plaintiff of the filing of the first order denying the motion for new trial. The 30-day period within which to appeal did not start to run. At the time of the filing of the second order, there was therefore time within which to appeal from the first order. Except as to the Jaus case, 198 Minn. 242, 269 N. W. 457, *supra,* the instant case, therefore, differs from those to which attention has been called, in that the time to appeal from the first order had not expired when the second order was filed, while in those cases the time to appeal from the first order had expired. Since the first order, which was not appealable, had not been vacated, the appeal from the second was dismissed. In the Jaus case, the court denied the motion to vacate the former order and for an order (198 Minn. 243, 269 N. W. 457) "allowing for a hearing on its merits in the above entitled matter." The order denying the motion was the order appealed from. In Barrett v. Smith, 183 Minn. 439, 237 N. W. 19, *supra,* this court, in referring to the second order, said that "at best [it] is merely an unsuccessful motion to vacate the first order." It also said that if a litigant desired to renew a motion for a new trial he "should make prompt application for leave to submit the second motion, at the same time asking that if such leave be granted the order denying the first motion be vacated pending the consideration and determination of the second." And in Ross v. D. M. & I. R. Ry. Co. 201 Minn. 225, 275 N. W. 622, *supra,* this court again stated that where the first order had not been vacated or suspended the second order was "in effect an order refusing to vacate an appealable order and so not appealable."

Appeal dismissed.