HARRIET TRICKEL v. CARL CALVIN AND ANOTHER, *d. b. a.* CALHOUN PAINT & WALL PAPER COMPANY, AND ANOTHER.[1]

February 24, 1950.

No. 35,170.

[1]Reported in 41 N. W. (2d) 426.

*Bundlie, Kelley, Finley & Maun,* for appellants.
*B. H. Loftsgaarden,* for respondent.

MATSON, JUSTICE.

Plaintiff moves to dismiss defendants' appeal from an order deny-ing their motion for judgment *non obstante* or a new trial and their appeal from a second order denying a subsequent motion for the

vacation of the first order and for leave to renew the original motion for judgment *non obstante* or a new trial.

A verdict for plaintiff was rendered June 2, 1949. On June 10, upon the minutes of the trial court, defendants moved for judgment *non obstante* or a new trial. An order denying this motion was made October 11, and notice thereof was served upon defendants November 4, 1949.

■ On November 10, 1949, a substitution of attorneys for defendants took place. On the same day, the defendants, through their new attorneys, served a notice of motion for the vacation of the order of October 11 and for leave to renew their motion for judgment notwithstanding the verdict or a new trial. This motion was heard November 18. On November 28, 1949, the trial court made its order "That the Motion and all thereof is hereby denied." Contrary to defendants' contention, the procedure followed by the trial court in the making of its order was correct and in keeping with the procedural suggestions found in Barrett v. Smith, 183 Minn. 431, 237 N. W. 15. In the Barrett case, we directed our attention to two distinct procedural errors. The first of these errors relates to the making of a second motion for amended findings (or for judgment *non obstante*) and in the alternative for a new trial without first asking for the vacation of an existing order denying a prior motion made for the same purpose. The second procedural error relates to the entry by a trial court of an order either denying or granting a second motion for amended findings (or for judgment *non obstante*) or in the alternative for a new trial *without indicating by the operative portion of such order whether it has vacated the prior order denying the earlier motion for the same purpose.* Although the importance of avoiding these procedural errors was emphasized in the Barrett case, the court nevertheless held (183 Minn. 440, 237 N. W. 19) that the vacation of a prior appealable order denying a new trial—and the consequent extension of the time for, or the revival of the right to, an appeal—*is not to be implied from a subsequent negative order* which on the merits, without purporting to vacate the prior order, denies a second motion made

for the same relief. To the same effect, see General Motors Acceptance Corp. v. Jobe, 188 Minn. 598, 248 N. W. 213. In the instant case, we have, however, no procedural error, in that the trial court by the operative portion of its order denied defendants' motion in its *entirety*, and such denial, of course, necessarily included the part of the motion relating to a requested vacation of the order of October 11. In denying a vacation of such earlier order, it followed as a matter of course that the other part of the motion—asking for judgment *non obstante* or a new trial—was wholly abortive and was properly denied.

At the time this appeal was perfected, the statutory period of 30 days for appeal from the order of October 11 had expired. M. S. A. 605.08. Where a motion for a new trial is denied, and, without a vacation of that order and after the time for appeal therefrom has expired, a second motion for a new trial is denied, the last order is in real substance nothing more than one refusing to vacate an appealable order and so not appealable. Barrett v. Smith, 183 Minn. 431, 237 N. W. 15. Defendants contend, however, that in the instant matter the second order, that of November 28, is not merely an affirmation of, and a refusal to vacate, the appealable order of October 11, in that the second motion, pursuant to which the second order was made, was based in part on grounds which were not used as a basis for the original motion. The original motion was based on three grounds, namely (1) that the trial court had erroneously instructed the jury; (2) that the verdict was excessive and resulted from passion and prejudice; and (3) that the verdict was not sustained by the evidence and was contrary to law. The second motion for the same relief, in addition to these grounds, was also based (1) on an alleged error of the trial court in refusing to direct a verdict in defendants' favor; (2) in the making of certain rulings upon the admission of evidence; and (3) in its refusal to give certain requested instructions. By reason of these additional grounds, defendants contend that the second order denying a new trial is appealable in its own right, and in support of this contention they cite the case of Mitchell v. Bazille, 216 Minn. 368, 13

N. W. (2d) 20. Defendants apparently overlook the basis of the Mitchell decision. In that case, an appeal was allowed from an order which denied a second motion for a new trial because such second motion was based in part on a ground which was in fact nonexistent—and could therefore not have been asserted—when the first motion was made. In so holding we said (216 Minn. 373, 13 N. W. [2d] 23):

"* * * A second motion for a new trial may be made when it is based on grounds not included in the first one *and satisfactory reasons appear for the omission.*" (Italics supplied.) See, In re Guardianship of Wood, 140 Minn. 130, 167 N. W. 358.

Of course, the nonexistence of a ground for a new trial at the time of the making of an original motion therefor is a justifiable reason for its omission. In the case at bar, the new and additional grounds asserted by the second motion were in existence when the original motion was made. Were there, however, any justifiable reasons for omitting them as a basis for the first motion? Justification for such omission is not to be predicated merely on the fact that newly substituted attorneys have perceived certain grounds of error which their predecessors, who functioned when the original motion was made, may not have recognized, or, if they did recognize such grounds, considered they were of no consequence or chose to ignore them. It is true that the first motion was made on the minutes of the court, and the second motion for the same relief was made upon a transcript of the record. Whether under the circumstances of a particular case the minutes of the trial court afforded the moving party, at the time the original motion for a new trial was made, a reasonable opportunity to perceive and assert as a basis therefor certain alleged errors which were in fact omitted, but which were subsequently asserted as grounds for a second motion for the same relief, and which second motion was made after a transcript of the record was available, is a matter to be determined in the sound discretion of the trial court. Certain matters are peculiarly within the direct observation and

knowledge of the trial judge and must be left largely to his sound discretion. We have here no evidence of an abuse of that discretion. Defendants have made no showing which could justify their failure to include as a basis for their original motion the additional grounds which were first asserted when their second motion was made for the same relief. It follows that the trial court properly denied defendants' motion for a vacation of the first order, and plaintiff's motion for a dismissal of defendants' appeal from the orders of October 11, 1949, and November 28, 1949, must be and is granted. So ordered.

Appeal dismissed.

