THOMAS A. FAVORITE, BY HIS FATHER AND NATURAL GUARDIAN, ANDREW FAVORITE, v. MINNEAPOLIS STREET RAILWAY COMPANY AND ANOTHER.

91 N. W. (2d) 459.

July 11, 1958—No. 37,124.

*Carroll, Thorson & Anderson* and *Thomas Burke,* for appellant.
*Cary, Welsh & Roseen* and *John F. Dulebohn,* for respondents.

MATSON, JUSTICE.

Appeal from an order (dated October 1, 1956) granting defendants' motion for a permanent injunction restraining plaintiff from initiating any further proceedings in the case, and denying plaintiff's motion for an order vacating a former order of June 11, 1948, which former

order had in turn denied a motion to vacate and set aside an order of November 28, 1942, approving a settlement of an infant's claim for damages for personal injuries.

This case, involving an attempt to renew a 1948 motion to set aside a 1942 settlement of a minor's injuries, arises out of the following facts: Plaintiff was injured when struck by a streetcar of the defendant company in 1942, when he (plaintiff) was two and one-half years of age. An action for damages was commenced in 1942, but upon the petition of the father and natural guardian, with the medical statement of the doctor attached thereto, the trial court on November 28, 1942, ordered that the settlement reached between the parties be approved and allowed and ordered that the defendants *"shall be finally absolved and acquitted from any further claims and demands by any person whomsoever, on account of the said accident and injuries to the said minor."* (Italics supplied.) The parties stipulated that the action, having been compromised and settled, *"shall be, and is hereby dismissed with prejudice"* (italics supplied) and that, upon the filing of the stipulation by either party, the clerk of the court, or the court, is authorized and directed *to discharge said cause of record.*

Subsequently on May 7, 1948, the plaintiff moved to vacate the order of 1942 which approved the settlement, to set aside the settlement, to reinstate the action, and for leave to amend the complaint (of 1942). Plaintiff's motion of May 7, 1948, was accompanied by affidavits to support the claim that the settlement of 1942 did not take into consideration all the injuries plaintiff incurred from the accident. The attached affidavits were from the attorney representing plaintiff in 1942 and 1948, the father and natural guardian of the minor plaintiff, the original attending physician, and a physician specializing in neurology. These affidavits establish that by May 7, 1948, it was clear that plaintiff had developed epilepsy, probably post-traumatic epilepsy, as a result of the 1942 injuries. The 1942 medical statement (attached to the petition of the father and natural guardian) had concluded, "There is no evidence of epilepsy *at present time."* (Italics supplied.) This 1948 motion to vacate the 1942 order made by plaintiff was in all respects denied by an order of the trial court dated June 11, 1948. On June 16, 1948, on the ex parte motion of defendant, a

*judgment* of dismissal on the merits of the action was ordered pursuant to the 1942 stipulation of dismissal with prejudice.

In 1956 defendants were served with a notice of motion for an order granting leave to renew the motion of May 7, 1948, with an attached amended complaint dated July 24, 1956. The motion was grounded upon the claim that the settlement agreement and order approving same of 1942 was made under a mutual mistake of fact. Part of the evidence of this mistake included the affidavits attached to the 1948 motion as well as a new affidavit describing the physical condition of the plaintiff.

An examination of the record dispels any doubt that the present 1956 motion is made upon exactly the same facts and upon the same ground—namely, mutual mistake of fact—as the motion which was denied in 1948. An examination of the affidavits of 1948 by two physicians reveals that post-traumatic epilepsy of a permanent nature was discovered at that time.

An affidavit of Dr. James F. Corbett, the attending physician, dated April 5, 1948, states:

"* * * the outlook for the child is very grave and * * * he will continue to suffer from the convulsive disorder for the rest of his life. The post traumatic epilepsy has definitely retarded the child's mental development, and will continue to retard his mental development in the future * * *."

The affidavit of Dr. Harold N. Noran, a specialist, dated April 6, 1948, states:

"* * * Affiant believes that the mental retardation and the rather severe personality inadequacy and the behavior problem are all related to the injury of the brain. * * * It is my opinion that the outlook is very grave in this case. I believe the child will become very difficult to manage. From the psychiatric standpoint I can see very little future for him. He may very well continue to suffer from the convulsive disorder for the rest of his life."

The affidavits submitted in connection with plaintiff's motion of 1956 disclose that the plaintiff's present condition is essentially that found by the doctors in 1948 and alleged in the 1948 motion. The

mutual mistake alleged in both motions is a mistake made in 1942. Nothing appears to suggest that injuries of a permanent nature have been discovered since 1948. Moreover, the affidavit of the plaintiff's present attorney reveals that in the latter part of 1948 a doctor at the Mayo Clinic at Rochester examined the plaintiff and predicted that his physical and mental impairment was permanent, and subsequent examinations in 1951 and 1955 established that his condition was "essentially the same." Upon these facts we cannot escape the conclusion that the 1948 motion was grounded upon exactly the same facts and grounds as plaintiff's present 1956 motion. It follows that the order appealed from in this proceeding is nothing more than a denial of the same relief that was initially denied by the court in 1948.

■ Defendants have moved for a dismissal of this appeal on the ground that the order appealed from, in so far as it denies plaintiff's motion to vacate the earlier order of June 11, 1948, is nonappealable. If the 1948 order which denied a vacation of the 1942 order approving the settlement was a final and appealable order, defendants' contention is correct. It is unquestionably the law that, where the right of appeal from an unvacated appealable order has expired, the right of appeal is not revived by a negative order on a second motion for the same relief.[1]

■ Clearly the 1942 approval-of-the-settlement order, by its very terms, terminated all liability of the defendants to the plaintiff for damages. That order, until vacated for cause, stood as a bar to any further action for recovery of damages resulting from minor's injuries. As a part of, and in recognition of, such final settlement, the parties stipulated in writing that the action *shall be, and is hereby dismissed with prejudice.*" (Italics supplied.) Such dismissal with prejudice was binding upon the parties and stood as a bar to the bringing of another action on the same cause, even though the formality of discharging the action had not been entered of record.

The 1948 motion to vacate that settlement and reinstate the action

[1]Barrett v. Smith, 183 Minn. 431, 237 N. W. 15; Kolb v. City of Minneapolis, 229 Minn. 483, 40 N. W. (2d) 619; Bennett v. Johnson, 230 Minn. 404, 42 N. W. (2d) 44; Burkholder v. Burkholder, 231 Minn. 285, 43 N. W. (2d) 801. See, Trickel v. Calvin, 230 Minn. 322, 41 N. W. (2d) 426.

was in effect a motion to revive the original action which had been dismissed with prejudice. In State ex rel. Beede v. Funck, 211 Minn. 27, 28, 299 N. W. 684, 685 (which was followed in Elsen v. State Farmers Mutual Ins. Co. 217 Minn. 564, 566, 14 N. W. [2d] 859, 860) we said:

"* * * The general rule is that 'an order granting or denying the right to revive an action is a final decision and hence reviewable' by appeal."

In Hoffer v. Fawcett, 204 Minn. 612, 284 N. W. 873, we held an order appealable which denied a motion to vacate a prior order dismissing the action without prejudice. This is in accord with the generally recognized rule that an order which denies a party the right to revive an action is a final decision and hence appealable.[2] Unquestionably it is an order which decides the whole merits of the cause as between the parties to the appeal and makes it unnecessary as between them to bring the case a second time before the court for its decision.[3] It requires no subsequent order or judgment to give it effect.[4] It terminates with finality plaintiff's right to vacate, for mistake of fact, the prior settlement and the prior dismissal with prejudice. The right to vacate a prior settlement and dismissal on the ground of mutual mistake of fact is not only a substantial right but one that involves the merits of the action. See, M. S. A. 605.09(3, 7).

We conclude therefore that the 1948 order was a final decision and hence appealable. The time for its appeal, limited to 30 days after notice of the same (§ 605.08), has long since expired. Since an expired right of appeal from an appealable order is not revived by a subsequent order denying a second motion for the same relief, it follows that the 1956 order appealed from herein is nonappealable in so far as it relates to the denial of plaintiff's motion.

■ That part of the order which grants an injunction permanently enjoining plaintiff from attempting any other or further proceedings against the defendants is appealable. § 605.09(2). In granting an

---

[2] 2 Am. Jur., Appeal and Error, § 92.

[3] Sullivan v. Associated Billposters & Distributors (2 Cir.) 6 F. (2d) 1000, 42 A. L. R. 503.

[4] See, Elsen v. State Farmers Mutual Ins. Co. 217 Minn. 564, 567, 14 N. W. (2d) 859, 861; 1 Dunnell, Dig. (3 ed.) § 298.

injunction, the trial court did not err in so far as the injunction is limited to an enjoinment of plaintiff from relitigating the same factual issues as were determined by the 1948 order denying plaintiff's motion for vacation of the 1942 settlement and reinstatement of the original action. The 1942 settlement, as approved by the court, absolved and acquitted defendants from all further demands and claims by plaintiff on account of his accidental injuries. In recognition thereof the parties dismissed the action with prejudice. As already noted, the 1948 order, denying plaintiff's motion to vacate the settlement and dismissal, and to obtain a revival of the action, constituted an irrevocable and final adjudication of the respective rights of the parties. The time for appeal from the 1948 order has long ago expired. Repeated litigation of a right which has been adjudicated with finality is without any legitimate purpose and constitutes a vexatious and oppressive harassment of a litigant in contravention of his right to a speedy and efficient administration of justice. If successive suits could be brought to litigate the same questions between the same parties or their privies as often as either should choose, remedial justice would soon become a mere mockery.[5] It is generally recognized to be proper for a court to issue a permanent injunction to restrain the initiation of successive suits and proceedings to relitigate a cause of action—*based on the same facts and with identical issues and parties*—which has already been adjudicated with finality.[6]

The order of the trial court is affirmed except in so far as the injunction granted goes beyond an enjoinment of plaintiff from relitigating the same factual issues as were determined by the 1948 order denying plaintiff's motion for vacation of the 1942 settlement and reinstatement of the original action.

Affirmed as modified.

---

[5] 2 Story, Equity Jurisprudence (14 ed.) § 1173; 28 Am. Jur., Injunctions, §§ 49 and 52.

[6] See, for example, Bridgeport Hydraulic Co. v. Pearson, 139 Conn. 186, 195, 91 A. (2d) 778, 782; Odom v. Langston, 356 Mo. 1140, 1148, 205 S. W. (2d) 518, 521; 28 Am. Jur., Injunctions, § 49; 43 C. J. S., Injunctions, § 38e, note 10.