BYRON TRYGGESETH AND ANOTHER v.
JAMES H. NORCROSS.

115 N. W. (2d) 56.

May 4, 1962—No. 38,494.

*Erickson, Thorup & Freeman,* for appellants.
*Quinlivan, Quinlivan & Quinlivan,* for respondent.

OTIS, JUSTICE.

This matter comes before the court upon a motion of respondent for an order dismissing these appeals upon the grounds that one order here for review is not appealable, and that the appeal from the other order was not taken within the time prescribed by statute. While there are two actions consolidated for trial and appeal, we shall refer to them in the singular.

Following verdicts in favor of respondent rendered on January 6, 1961, appellant's motion for a new trial was heard on February 6, 1961. Thereafter the court signed an order which was dated March 8, filed on March 10, 1961, and served on April 3, 1961, denying the motion for a new trial. On April 3, 1961, argument was had on a second motion brought on by appellant which recited, among other things, as follows:

"* * * plaintiffs will move the Court:

"1. To vacate its Order of March 10, 1961, denying plaintiffs' motion for a new trial; that in order for the court to reconsider plaintiffs' motion for a re-hearing the hereinabove order of March 10th must be vacated for otherwise this court could not logically entertain plaintiffs' second motion.

"2. Plaintiffs will move for a re-hearing of their motion for a new trial provided that the court sees fit to vacate its Order of March 10, 1961, which denied plaintiffs' first motion for a new trial; * * *."

Appellant states in his brief that by letter dated April 5 he further directed the trial court's attention to the necessity for vacating the first order in the following language:

"However, the sole purpose of this letter, copies of which are going to Attorneys Quinlivan and Haeney, is to reiterate the rule enunciated in Barrett v. Smith, 183 Minn. 431, 237 N. W. 15, which states among other things that in this type of situation the trial court 'should

promptly and without hesitation vacate his first order. Thereby all doubt would be removed.' "

In response to that communication appellant states that the trial court on April 7 wrote to counsel advising him that it was the court's understanding it would forego ruling on the motion to vacate until after April 17 when it was intended that there be further argument on that issue. The court's letter expressly stated that the motion to vacate had not been granted, and invited further argument by the attorneys at the hearing to be conducted for that purpose on April 17, which hearing ultimately was continued to April 29. Following the arguments on April 29 which were an extension of those of April 3, the court entered a formal order May 8, 1961, denying appellant's motion to vacate the order filed March 10 and dismissing the second motion for want of jurisdiction.

The appeals to which the motion before us is addressed arise from the order of March 10 denying the new trial, and from the order of May 8 refusing to vacate such order.

In his brief appellant acknowledges that he "is aware that the matter of vacation is not appealable" under Minn. St. 605.09. Nor does appellant deny that the 30-day period, in which to appeal from the order denying a new trial, began on April 3, 1961. § 605.08. In his second motion for a new trial appellant correctly called the trial court's attention to the necessity for an order vacating the order of March 10. The case cited to the court on that occasion established a procedural pattern from which we have not deviated. Barrett v. Smith, 183 Minn. 431, 237 N. W. 15. There we held that a denial of a second motion for a new trial was not appealable if the first motion had not been vacated, stating that to hold otherwise would permit a circumvention of the statute limiting to 30 days the period in which to appeal from a final order. We said (183 Minn. 439, 237 N. W. 19):

"* * * That period cannot be extended by agreement of the parties or order of court. * * * So where the second motion results only in confirming the original order, which has neither been vacated nor appealed from within the time limited by statute, the right to appeal is gone beyond power of recall. We cannot hold that the right of appeal

is revived or continued by what at best is merely an unsuccessful motion to vacate the first order. * * * There would have been no difficulty in this case had there been a vacation (either before or after expiration of the time for appeal) of the order denying defendants' first motion for a new trial, followed by a reconsideration of the merits on defendants' second motion and an order denying that. In such case there could be no question of the right to appeal from the last order.

"The proper practice is not in doubt. It was followed, unsuccessfully, in Worrlein v. Maier, 177 Minn. 474, 225 N. W. 399. A litigant desiring to renew a motion for new trial should make prompt application for leave to submit the second motion, at the same time asking that if such leave be granted the order denying the first motion be vacated pending the consideration and determination of the second. If on such a motion the judge concludes to reconsider the issue on the merits, he should promptly and without hesitation vacate his first order. Thereby all doubt would be removed. The needful express and certain record would be made. What was intended and done would be made to appear plainly and all question of the right of appeal from the second order removed. It would not be a mere nonappealable refusal to vacate a prior order, but in real substance an order denying a new trial and so appealable. The expiration of the period of appeal cannot sensibly be left in doubt or at the mercy of an equivocal motion or mere implication from orders not squarely meeting the matter and showing plainly what has been done.

"A strict and definite rule is needed. We hold it to be that where the right of appeal from an unvacated appealable order has expired the right of appeal is not revived by a negative order on a second motion for the same relief."

The Barrett case has been consistently followed by this court,[1] and prior decisions which were at variance have been expressly overruled. Bennett v. Johnson, 230 Minn. 404, 42 N. W. (2d) 44.

---

[1]Ross v. Duluth, M. & I. R. Ry. Co. 201 Minn. 225, 275 N. W. 622; Crawford v. Duluth, M. & I. R. Ry. Co. 219 Minn. 523, 18 N. W. (2d) 317; Trickel v. Calvin, 230 Minn. 322, 41 N. W. (2d) 426; Favorite v. Minneapolis St. Ry. Co. 253 Minn. 136, 91 N. W. (2d) 459.

Notwithstanding the unequivocal procedural directions enunciated in the Barrett case, and his own concession that the order of May 8 refusing to vacate the previous order is not appealable, the relief which appellant here seeks is an order requiring the lower court to vacate its original order "to revive and refresh" the time in which to appeal. Appellant cites no authority for permitting us to ignore the mandate of the statute as construed in the Barrett case. Nevertheless, he contends with considerable vehemence that such action is required of us because the trial court has in some manner been derelict or negligent. It is apparently appellant's position that he has done everything possible to secure the vacation of the original order by emphasizing the necessity for such action in his original moving papers, by arguing the question on April 3, and by writing the court a letter concerning the problem on April 5. Appellant argues, without support in the record, that he was misled by the court into assuming the original order had been vacated, and that accordingly he is entitled to the relief for which he prays. Suffice it to say that in the very letter which the appellant sets forth in his brief, the trial court advised counsel that the motion to vacate had *not* been granted, and the court urged a full argument on the question at the hearing which was to follow and which did occur on April 29. Whether he argued that aspect of the proceedings on April 29 or not, it was clearly counsel's duty to determine on that date the precise status of the order to vacate, since he was charged with knowledge that without it, the time to appeal from the order served on April 3 would expire within a few days. It was counsel's obligation and not that of the court to see that appropriate steps were taken to perfect the appeal within the time prescribed by statute.

While it is unfortunate that the appeal cannot be presented on its merits, under the circumstances this court has no power to entertain jurisdiction. Tombs v. Ashworth, 255 Minn. 55, 57, 95 N. W. (2d) 423, 425. In The Jesmer Co. v. Wurdemann-Hjelm Corp. 250 Minn. 485, 488, 85 N. W. (2d) 207, 209, we held:

"The limitation of time within which an appeal may be taken is jurisdictional under our statutory provisions. We have held that the supreme court has no authority to do more than dismiss an appeal

taken after the statutory time and that neither the supreme court nor the district court can extend the time for an appeal. In applying that rule we have said that the limitation of time is so far jurisdictional that the parties cannot waive the objection or by stipulation clothe the supreme court with authority to determine a belated appeal."

We there quoted Weckerling v. McNiven Land Co. 231 Minn. 167, 172, 42 N. W. (2d) 701, 704:

"* * * Although limitations upon the time for taking an appeal are to be liberally construed to avoid a forfeiture of the right of appeal, neither the supreme court nor the district court can extend the time for appeal by a stay of proceedings or by any order designed to accomplish that purpose directly or indirectly."

Portions of appellant's brief contain intemperate and vituperative references to the trial court which are entirely unjustified. They are herewith expunged from the record.

The respondent's motion to dismiss the appeal is granted.