James E. WILSON, Respondent,

v.

G.L. MITCHELL, a.k.a. Gary L. Mitchell, etc., Appellant.

No. C2–83–1858.

Court of Appeals of Minnesota.

May 22, 1984.

Jerold O. Nelson, Minneapolis, for respondent.

Richard N. Sather, Thief River Falls, for appellant.

Heard, considered and decided by POPO-VICH, C.J., FORSBERG and LESLIE, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from an order of the trial court which denied the defendant's motion to vacate a writ of attachment. We affirm.

## FACTS

On February 23, 1981 the respondent served upon the appellant a summons and complaint, alleging that the appellant had defaulted upon the payment of certain loan installments, which the respondent had been required to pay, as guarantor on the loan. On March 26, 1981 the respondent applied to the court for a writ of attachment, alleging that the appellant was working in South Dakota and was attempting to dispose of certain of his property in Minnesota. The court ordered the issuance of the writ and the property was attached on April 6, 1981. Summary judgment was entered in favor of the respondent on July 31, 1981. Following entry of judgment, the appellant brought a motion to vacate the writ of attachment, alleging that certain of the property which had been attached was homestead property, that other portions of the land were held in joint tenancy, and that the application for the writ had not established a proper basis for attachment under the relevant statutes. The court denied the appellant's motion on December 23, 1981 upon the following grounds:

(1) Minn.Stat. § 570.09 requires that an action to vacate an attachment must be commenced before judgment is entered;

(2) Counsel for the defendant had drafted the affidavit attached to the motion to vacate, and it was not disclosed how he had acquired the information contained therein;

(3) Documents appended to the affidavit established that the property which had been attached exceeded any amount which could be claimed under a homestead exemption, and no evidence established which portion of that property qualified as homestead property;

(4) The application for the writ had established that the defendant was about to dispose of his property in Minnesota to delay or defraud his creditors, and the defendant had not introduced any evidence to attack this conclusion.

No appeal was taken from this order. Approximately two years later, on October 18, 1983, the appellant brought a second

motion to vacate the writ of attachment, claiming that the writ of attachment was issued pursuant to a statute which had been declared unconstitutional. The court again denied the appellant's motion, and the appellant appealed from that order.

## ISSUES

1. Upon expiration of the time for appeal from an order denying appellant's motion to vacate a writ of attachment, could appellant revive the time for appeal by claiming that the writ had been issued pursuant to a statute later declared unconstitutional?

2. Were provisions of Minn.Stat. § 570.-02 in effect at the time of the issuance of the writ of attachment subsequently declared unconstitutional?

3. May this court upon appeal review the sufficiency of the affidavit upon which the writ of attachment was issued?

### I.

#### Appeal

As noted above, this appeal is from the denial of appellant's second motion to vacate the writ of attachment. This second motion was brought after the right to appeal from the denial of appellant's first motion had expired. It is clear that " 'where the right to appeal from an unvacated appealable order has expired, the right of appeal is not revived by a negative order on a second motion for the same relief.' " *Bongard v. Bongard,* 342 N.W.2d 156, 158 (Minn.App.1983), quoting *Barrett v. Smith,* 183 Minn. 431, 440, 237 N.W. 15, 19 (1931). However, as the *Bongard* court noted, a party may appeal from a second motion upon grounds not asserted in the first motion, if satisfactory reasons appear for the omission. *Trickel v. Calvin,* 230 Minn. 322, 326, 41 N.W.2d 426, 428 (1950). Under the facts of *Bongard,* the grounds for both motions were that an attachment pursuant to the 1982 statute was invalid. The 1982 statute was presumed valid when the first motion was made; however, when the second motion

was brought the 1982 statute had been declared unconstitutional. The court allowed an appeal from the second motion because "[n]ot allowing an appeal from this uncertainty would allow potentially unconstitutional deprivations to stand because of a rule of judicial economy," *Bongard,* 342 N.W.2d at 158, *citing E.C.I. Corp. v. G.G.C. Corp.,* 306 Minn. 433, 237 N.W.2d 627 (1976).

In the present situation, as in *Bongard,* appellant's second motion was based upon the allegation that the statute which authorized the writ had subsequently been declared unconstitutional. Therefore, under the reasoning of *Bongard,* the order denying appellant's second motion to vacate the writ is an appealable order.

### II.

#### Constitutionality of 1980 attachment statute

The writ of attachment in this case was issued pursuant to the 1980 version of Minn.Stat. § 570.02, which provided:

To obtain such writ, the plaintiff, his agent or attorney, shall make affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the ground thereof, and alleging:

(1) That the debt was fraudulently contracted; or

(2) That defendant is a foreign corporation, or not a resident of this state; or

(3) That he has departed from the state, as affiant verily believes, with intent to defraud or delay his creditors, or to avoid the service of a summons, or keeps himself concealed therein with like intent; or

(4) That he has assigned, secreted, or disposed of his property, or is about to do so, with intent to delay or defraud his creditors.

The above provision was held constitutional in *International State Bank v. Gamer,* 281 N.W.2d 855 (Minn.1979).

In 1981, however, the legislature amended the above provision to read, in relevant part:

> Subdivision 1. **Affidavit.** To obtain the writ of attachment, the plaintiff, his agent or attorney, shall make affidavit that a cause of action exists against the defendant, specifying the amount of the claim and the ground thereof.
>
> Subd. 2. **Grounds.** * * *
>
> (b) An order of attachment which serves only to secure property and not to acquire jurisdiction over the defendant may be issued in the following situations:
>
> (1) When a person, resident or nonresident, a corporation, domestic or foreign, owns or has any interest in any kind of property, tangible or intangible, which is present within the state and may be applied to the satisfaction of a valid in personam judgment against the defendant; or
>
> (2) When a valid in personam action has been instituted and a person, resident or nonresident, or corporation, domestic or foreign, owns or has an interest in any kind of property, tangible or intangible, which is present within the state and may be applied to the satisfaction of a valid in personam judgment, when rendered, against the defendant, if:
>
> (i) That person or corporation has removed or is about to remove property from this state; or
>
> (ii) That person or corporation has assigned, disposed of, or secreted or is about to assign, dispose of, or secrete, property.

The above amendment was effective August 1, 1981, several months after the writ was issued in this case.

The above-cited provisions of the 1981 amendment were subsequently declared unconstitutional in *Olson v. Ische,* 330 N.W.2d 710, 713 (Minn.1983):

> "In the prior 1980 version of the attachment statute, discussed in *Gamer,* attachment was allowed if the debtor assigns, secretes or disposes of property or

is about to do so "with intent to delay or defraud his creditors." This quoted phrase is absent in the current statute. Now the creditor need only allege that the debtor has assigned, disposed of, or secreted property, or is about to do so, regardless of the debtor's intent. This statutory language does not adequately balance the competing interests of the creditor and debtor and fails to afford adequate protection to the innocent debtor. We have no hesitancy in declaring subdivision 2(b)(2)(ii) of section 570.02 to be overbroad, and we hold it to be unconstitutional."

Despite the fact that *Olson* specifically declared the 1981 version of the statute unconstitutional, the appellant argues that *Olson* also declared the 1980 version unconstitutional. However, the constitutionality of the 1980 statute was recently reaffirmed in *Bongard v. Bongard,* 342 N.W.2d 156, 160 (Minn.App.1983), where this court held:

> "The pre–1981 statute provides for attachment if the plaintiff shows the defendant has 'assigned, secreted or disposed of his property, or is about to do so, with intent to delay or defraud his creditors.' Minn.Stat. § 570.02(4) (1980). The allegation of intent to conceal with specific acts to show that intent is enough to warrant a constitutional attachment under the pre-1981 statute. *International State Bank v. Gamer,* 281 N.W.2d 855 (Minn.1979)."

Accordingly, the appellant's claim that the writ in this case was issued pursuant to an unconstitutional statute is devoid of merit.

## III.

### *Sufficiency of affidavit*

Although the appellant has fashioned his claim as a challenge to the attachment statute, he is also requesting review of an issue which should have been raised at the time of the first motion.[1] That issue concerns whether the affidavit, which pro-

---

1. As the trial court noted, the first motion was itself untimely, since a motion to vacate a writ of attachment must be made prior to the time of trial. *See* Minn.Stat. § 570.09 (1978).

vided the basis for issuance of the writ, sufficiently established specific facts to demonstrate the defendant's intent to delay or defraud his creditors. This claim might have been valid, had it been raised at the time of appellant's first motion; however, it is not properly before this Court at this late date. *Trickel v. Calvin,* 230 Minn. 322, 326, 41 N.W.2d 426, 428 (1950).

### DECISION

Affirmed.