LAWRENCE KLOOS AND ANOTHER v.
SOO LINE RAILROAD AND OTHERS.

163 N. W. (2d) 567.

December 13, 1968—No. 41169.

*Rufer, Blatti, Hefte, Pemberton & Schulze, James L. Schulze, Goetzinger & Roberts,* and *Richard S. Roberts,* for appellants.

*Donohue & Donohue* and *Howard I. Donohue,* for respondents.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

PETERSON, JUSTICE.

Plaintiffs, husband and wife, appeal from the second of two orders denying their post-trial motions for a new trial. We do not reach the merits of the order, however, because we must hold that this order is not appealable.

On November 8, 1966, plaintiffs moved on the minutes of the court for a new trial. The motion was directed to the inadequacy of the jury's award of damages, the grounds for the motion being that the verdict was not justified by the evidence and that it was the product of the jury's passion and prejudice. The trial court denied the motion as to the wife and granted it as to the husband, but subject to defendants' consent to an additur in a stated amount compensating him for proved special damages. Plaintiffs were served notice of the filing of this order on April 6, 1967, and defendants filed a consent to the additur on April 12, 1967. No appeal was taken, and the time for appeal from that order has expired.

On August 22, 1967, plaintiffs made a second motion for a new trial,

but this time on the settled case. A transcript had been ordered on April 13, and upon stipulation of the parties the case was settled by the court on July 26, 1967. Plaintiffs did not, however, move to vacate the order denying the first motion for a new trial, and the order was not vacated. An order denying the second motion was filed on October 13, 1967. The appeal is from that order.

The "strict and definite rule," as stated in Barrett v. Smith, 183 Minn. 431, 440, 237 N. W. 15, 19, is that "where the right of appeal from an unvacated appealable order has expired the right of appeal is not revived by a negative order on a second motion for the same relief." [1] The rationale of the rule is that the second order is only a confirmation of the unvacated first order, so that an appeal from the second order is merely an attempt to appeal from a nonappealable refusal to vacate the first order. This rule and its rationale have been applied without deviation in Ross v. Duluth, M. & I. R. Ry. Co. 201 Minn. 225, 275 N. W. 622; Trickel v. Calvin, 230 Minn. 322, 41 N. W. (2d) 426; Bennett v. Johnson, 230 Minn. 404, 42 N. W. (2d) 44; and, after the adoption of the Rules of Civil Procedure,[2] in Tryggeseth v. Norcross, 262 Minn. 440, 115 N. W. (2d) 56.

Appeal dismissed.

---

[1] The grounds of the second motion were the same grounds stated in the first motion, except only that plaintiffs in their second motion additionally asserted that the court committed prejudicial error in suggesting to plaintiffs' counsel in the hearing of the jury that he might shorten his cross-examination of defendant's doctor. This does not alter the application of the rule, however, for, as in Trickel v. Calvin, 230 Minn. 322, 41 N. W. (2d) 426, the objection was available to plaintiffs at the time of the first motion and there was no substantial justification for not asserting it then.

[2] The provisions of former Rule 59.07 for ordering a transcript after a motion on the minutes for a new trial has been decided and the provisions of former Rules 59.03(2) and (3) fixing different times for service of new trial motions on a settled case and on the minutes did not contemplate successive motions for a new trial as a matter of right and without vacation of the first order for purposes of reconsideration. The purpose of a subsequently ordered transcript after decision of the original motion on the minutes, authorized by Rule 59.02, obviously is to provide an adequate record upon which the appellate court can make a review of the appealable original order.