## LAWRENCE KLOOS AND ANOTHER v. SOO LINE RAILROAD AND OTHERS.

176 N. W. (2d) 274.

February 13, 1970—No. 41854.

*Rufer, Blatti, Hefte, Pemberton & Schulze, James L. Schulze,* and *Goetzinger & Roberts,* for appellants.

*Donohue & Donohue* and *Howard I. Donohue,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

This is an appeal by plaintiffs, Lawrence Kloos and his wife, Collene Kloos, from a judgment entered January 27, 1969.[1]

The action was brought by Collene Kloos for personal injuries and by Lawrence Kloos for medical and other expenses he in-

---

[1] A prior appeal from a nonappealable order was dismissed. Kloos v. Soo Line Railroad, 282 Minn. 168, 163 N. W. (2d) 567.

curred and for loss of services and consortium resulting from an automobile accident on October 12, 1964, involving an automobile owned by Lawrence and driven by Collene, and a truck owned by defendant National Car Rental, Inc., and driven by defendant Arthur B. Quitt, an employee of defendant Soo Line Railroad.

After trial the jury returned verdicts awarding $5,000 to Collene and $3,182 to Lawrence. Their motion for a new trial on the ground of inadequate damages apparently awarded under the influence of passion and prejudice was denied provided defendants consented to an increase in the verdict awarded Lawrence to $4,135. Defendants have filed the required consent. The relief sought on this appeal is vacation of the judgment and an order granting a new trial on the issue of damages only, or, in the alternative, an order granting a new trial on all issues.

The issues as stated by appellants are whether the trial court erred in denying plaintiffs' motion for a new trial where a verdict for plaintiff husband was less than his undisputed special damages and where the jury made no allowance whatsoever for his substantial loss of the services and consortium of his wife; and whether, where the record is clear that the verdict for one plaintiff is entirely inadequate, a new trial should be granted in both actions on the ground of strong probability that the other verdict is also inadequate.

As a result of the accident Collene Kloos sustained a laceration of the left tibia and left shin, loss of two teeth, and fracture of one, lacerations on both forearms, and a gross deformity of the right leg. X rays revealed fractures of the lower portion of the tibia and fibula of the right leg and a transverse fracture of the right kneecap.

The record establishes that Collene sustained severe injuries which required her immediate hospitalization and the performance of operative procedures. She was hospitalized from October 12, 1964, to December 9, 1964, again in December for

another operative procedure, and again for one week early in January 1965 for physical therapy. The record would indicate that from October 12, 1964, until June 1965 Collene could be considered substantially incapacitated. She performed very few household duties after her return from the hospital in 1965, was using a wheelchair and crutches into June 1965, and did not discard the crutches until September 1965.

Because of the loss of his wife's services, Lawrence was required to perform household duties in addition to his normal farm work. Up to the date of trial he had continued to assist with the housework although he had never been required to do so prior to Collene's injury and hospitalization. Lawrence also had to cease his dairy operation because he no longer had Collene's assistance.

During the course of Collene's treatment for her injuries, Lawrence incurred expenses in the amount of $3,894.82, in addition to transportation costs of $240, which indicates that his total out-of-pocket expenses amounted to $4,134.82. The jury's award to Lawrence of $3,182 was therefore $952.82 less than his undisputed out-of-pocket expenses. It would thus appear that, contrary to the court's instructions, the jury did not address itself to any of the elements of general damages which Lawrence had sustained, such as past and future loss of services and consortium.

Plaintiffs made the following assignments of error:

"The lower court erred in finding that verdict for Lawrence Kloos of $3,182.00, although substantially less than his established out-of-pocket expenses, could be cured by additur without considering the element of general damages and is challenged as not sustained by the evidence.

"The lower court erred in finding that the verdict for Collene Kloos was adequate although the jury rendered an inadequate verdict for her husband and is challenged as not sustained by the evidence."

■ It is apparent that the jury either compromised between the right of recovery and the amount of damages, or through mistake, misunderstanding, or passion and prejudice, failed to fairly and impartially consider all of the elements of damage which were proven in the causes of action tried herein. It is clear from the record that Collene's award of damages was inadequate. The award to Lawrence was less than his established special damages, and certainly the services and companionship of one's wife is important in a husband-wife relationship and should not be treated lightly by a jury.

In cases where a verdict does not meet the established out-of-pocket expenses of a plaintiff, and where items of general damages are also established, this court has frequently granted a new trial either on the issue of damages alone or on all issues.

■ Plaintiffs contend that the trial court in the presence of the jury effectively limited plaintiffs' cross-examination of defendants' doctor, Dr. J. B. Beuning, by advising plaintiffs' counsel that little time was left in the morning session and that the court did not want the doctor to come back. Plaintiffs argue that the trial court's action may have been the cause of the inadequate verdicts.

It is recognized that a trial court has the discretion to limit the length and scope of cross-examination of a witness. Nevertheless, the exercise of such discretionary power should be undertaken with extreme caution in view of the clear possibility that its exercise may tend to influence the jury. Dr. Buening was the only witness defendants produced in rebuttal of plaintiffs' alleged injuries and was therefore critical to defendants' case. The court, by reminding plaintiffs' counsel of the limited time, tended to give the impression that further cross-examination would be unnecessary and that the defense doctor's testimony was beyond any further attack. No such limitation was imposed on cross-examination of plaintiffs' doctor.

While we think it clear that the trial court did not intend to give greater weight to the testimony of defendants' doctor, the

jury very likely inferred that his testimony was more or less completed and above reproach. It would have been better to have permitted some inconvenience to the doctor than to provide the possibility that the jury might give undue weight to his testimony and thus fail to render a verdict arrived at by fair and impartial consideration.

When an inadequate verdict is returned, the question generally arises as to why the jury would return such a verdict, and the answer that frequently comes to mind is either that the jury compromised between the right of recovery and the amount of the damages or reached what proved to be a perverse verdict through mistake or misunderstanding.

■ It was pointed out in Seydel v. Reuber, 254 Minn. 168, 94 N. W. (2d) 265, 266, that "an additur increasing the verdict will not cure the deficiency if the amount of the recovery, in spite of the additur, still remains less than the amount of the special damages proved" and that a "mere nominal award will not suffice if substantial general damages are proved."

In Hurr v. Johnston, 242 Minn. 329, 65 N. W. (2d) 193, we held that where the damages incurred, both general and special, were a direct result of the accident, and the size of the verdicts appears inadequate and indicates that they were the result of a compromise between the right of recovery and the amount of damages, then if a new trial is ordered it must be on all issues. See, Krueger v. Henschke, 210 Minn. 307, 298 N. W. 44; Krueger v. Knutson, 261 Minn. 144, 111 N. W. (2d) 526; Seydel v. Reuber, *supra*; Walser v. Vinge, 275 Minn. 230, 146 N. W. (2d) 537; Caswell v. Minar Motor Co. 240 Minn. 213, 60 N. W. (2d) 263.

■ The apparent unfairness of the jury and its disregard of the court's plain instructions in this case lead us to the view that both plaintiffs, Lawrence and Collene, are entitled to a new trial on all issues. The right to a jury trial means the right to a fair and impartial consideration of all elements of damages which are proved. We fail to see how a verdict evidently resulting from compromise, prejudice, or misunderstanding on the part of the

jury can be cured and repaired by an additur that approached only the total amount of the special damages and ignored proven general damages.

Inadequacy of damages coupled with a finding of liability shows failure to give the case impartial and conscientious consideration, and where it appears that the damages are entirely inadequate, a new trial will be ordered by the appellate court. See, Hurr v. Johnston, *supra*; Olson v. Christiansen, 230 Minn. 198, 41 N. W. (2d) 248; Shearer v. Puent, 166 Minn. 425, 208 N. W. 182; Flaugh v. Egan Chevrolet, Inc. 202 Minn. 615, 279 N. W. 582; Stenshoel v. G. N. Ry. Co. 142 Minn. 14, 170 N. W. 695; Krueger v. Henschke, *supra*; 14 Dunnell, Dig. (3 ed.) § 7141.

In the recent case of Walser v. Vinge, 275 Minn. 230, 233, 146 N. W. (2d) 537, 540, this court held:

"* * * [A] verdict is invalid which awards the exact amount of medical expenses and at the same time disallows damages for other elements of loss which have been properly proved."

■ It was indicated by the decision of this court in Krueger v. Henschke, *supra*, that once it is decided that the jury acted improperly in rendering a verdict on one plaintiff's damages, it logically follows that the other's award must also be reconsidered. The "thought is inescapable that the same fault or misconception inheres" in the damage award to the other plaintiff. 210 Minn. 310, 298 N. W. 45. Where it is clear that the verdict is apparently inadequate, as in the case at bar, this court will intervene, even though we have frequently said that whether a new trial should be granted on the ground that the damages awarded are excessive or inadequate rests largely in the discretion of the trial court.

Therefore, the judgment should be vacated and a new trial granted with respect to both plaintiffs on all issues.

Reversed and new trial granted.

UPON APPEAL FROM CLERK'S TAXATION OF COSTS

On April 10, 1970, the following opinion was filed:

PER CURIAM.

Plaintiffs appeal from taxation of costs and disbursements allowed by the clerk February 25, 1970.

Rule 139.01, Rules of Civil Appellate Procedure, provides:

"Unless otherwise ordered by the Supreme Court, the prevailing party shall recover costs as follows: (1) Upon a judgment in his favor on the merits, $25; (2) Upon a dismissal, $10."

Rule 139.02 provides:

"Unless otherwise ordered by the Supreme Court, the prevailing party shall be allowed his disbursements necessarily paid or incurred."

Rule 139.05 provides:

"The clerk, in the first instance, and the Supreme Court upon appeal from the clerk's taxation, or upon its own motion, may disallow the prevailing party's costs or disbursements or both, in whole or in part, for a violation of these rules or for other good cause. The prevailing party will not be allowed to tax as a disbursement the cost of reproducing parts of the record in the appendix which are not relevant to the issues on appeal."

The foregoing rules are basically the same as Minn. St. 607.01, 607.02, and Supreme Court Rule XV (222 Minn. xxxvii).

Under the discretionary authority conferred by the rules, the clerk of this court reduced the allowance applied for by plaintiffs to $242.61. The transcript in the amount of $325.90 and the printing of the record in the amount of $681, both expenses incurred in connection with a former appeal which was dismissed, are wholly disallowed. See, Kloos v. Soo Line Railroad, 282 Minn. 168, 163 N. W. (2d) 567. The clerk of this court in taxing costs in this appeal allowed all other items listed.

It is clear that the transcript asserted as an expense of $325.90

was obtained and used on a motion in the trial court and in the prior appeal, and was not obtained and used exclusively in the present appeal. See, Kloos v. Soo Line Railroad, *supra.* See, Larsen v. Tweten, 185 Minn. 652, 242 N. W. 378; Tynan v. KSTP, Inc. 247 Minn. 168, 77 N. W. (2d) 200. It is likewise clear that the expense of $681 incurred in printing the record was not necessarily incurred in the present appeal and therefore is not taxable herein.

The clerk's taxation of costs in the amount of $242.61 is affirmed.

Affirmed.