GARY TUOMINEN, A MINOR, BY EINO L. TUOMINEN, HIS FATHER AND NATURAL GUARDIAN, AND ANOTHER, v. GERALD WALDHOLM AND ANOTHER.

221 N. W. 2d 709.

August 23, 1974—No. 44455.

*Alton J. Olson,* for appellants.

*Applequist, Donovan, Larson, Barnes, Mathias & Magie* and *Charles T. Barnes,* for respondents.

Heard before Sheran, C. J., and Otis and Todd, JJ., and considered and decided by the court en banc.

Per Curiam.

This is a personal injury action in which plaintiff has recovered damages but appeals on the ground they are inadequate. We affirm.

The sole issue is whether a verdict of $10,000 is inadequate as a matter of law where plaintiff's medical expenses amounted to $6,166.12 and the accident resulted in permanent partial disability to plaintiff's left leg.

The accident occurred on July 20, 1961. Plaintiff, who was 10 years old, alighted from a bus and had begun to cross the street toward his home when he was struck by a car driven by defendant. There was conflicting evidence as to whether plaintiff ran into defendant's car and whether defendant's brakes were properly adjusted.

Plaintiff suffered a broken leg and a ruptured spleen, which had to be removed. His leg did not heal properly and he has undergone successive surgical procedures to correct the growth of his knee, the latest hospital confinement being in February 1966. He suffers a 25-percent

disability of his left leg, manifested by a difference of 1 1/8 inches in the length of his left and right legs. By stipulation, it was agreed that the reasonable value of plaintiff's out-of-pocket medical expenses was $6,166.12.

The original summons and complaint were served in October 1963. However, the case was not brought on for trial until February 1968, and judgment was not entered until March 14, 1973.

There is no fixed standard by which damages for injuries can be measured. An award will not be overturned because an appellate court might have allowed a more generous recovery or because another jury might return a larger verdict. It is the rule in this state that the question of whether damages are adequate is addressed in the first instance to the discretion of the trial court. Its decision will not be reversed except in the most unusual circumstances. Backman v. Fitch, 272 Minn. 143, 154, 137 N. W. 2d 574, 582 (1965); Krueger v. Knutson, 261 Minn. 144, 154, 111 N. W. 2d 526, 533 (1961). Tested by these rules, there was no error in the trial court's refusal to grant a new trial on the issue of damages.

Affirmed.