BYRON WILSON AND ANOTHER v.
MRS. BARNARD SIEGFRIED AND ANOTHER.

236 N. W. 2d 787.

December 12, 1975—No. 45281.

*Irwin Ketroser,* for appellants.
*Coulter, Nelson & Sullivan* and *Mark Sullivan,* for respondents.

PER CURIAM.
Plaintiffs appeal from an order denying their motion for a new trial

in this action for damages arising out of an automobile accident. Plaintiffs challenge the adequacy of the jury's verdict and the failure of the trial court to give an instruction. We affirm.

Plaintiff Kristy Wilson was injured on June 22, 1969, when the car in which she was a passenger struck the rear end of another vehicle that was stopped at a traffic light. Defendants are the driver and the owner of the first automobile.

After the collision, Kristy was taken to North Memorial Hospital experiencing back and head pain and numbness in her legs. She was treated and immediately released. During the succeeding 5-year period, she complained of and received treatment for intermittent back pain and headaches. She was hospitalized on five separate occasions for these symptoms and on two other occasions in 1970 for apparent drug overdoses. Defendants stipulated at trial that the reasonable value of the medical services provided was $9,389.21. However, they contested the necessity and materiality of those services.

Plaintiffs argue that the jury's verdicts, $2,600 to Kristy and $5,100 to her father, being less, even when combined, than the stipulated medical expenses, were obviously influenced by passion and prejudice. However, the question of causation was vigorously disputed by the various medical witnesses at trial.

Plaintiffs' experts testified as to the existence of such a causal connection for all of the expenses, including the hospitalizations for apparent drug overdoses, attributing the overdoses to an attempt by Kristy to gain relief from her symptoms. However, their testimony may have been weakened by the near absence of objective findings to support the subjective complaints. In addition, Kristy's doctors attributed her on-going back troubles to muscular or ligamentous strain. Defendants offered expert testimony that such an injury should heal without residual complaints within a few weeks or months. The jury could have found that within a few months after the accident the organic injury caused by the accident was no longer a factor in the etiology of her continuing complaints.

That Kristy had psychological problems which antedated the accident by several years is well documented in the record. There was nearly complete agreement among the medical witnesses that some of her symptoms were psychosomatic in origin. Plaintiffs' medical witnesses testified that her conversion reaction augmented the symptoms of organic injury arising out of the accident. Defendants' medical witnesses, with support from histories taken from Kristy and notes taken from her hospital records, discounted the continuing role of the accident and focused on other factors: a long history of emotional problems

558

characterized by tension headaches, adolescent adjustment problems, and a possible stressful family situation. The jury could have concluded that the source of tension or anxiety that triggered Kristy's conversion symptoms was unrelated to the accident.

The question as to the adequacy of damages is addressed in the first instance to the trial court. Its decision will not be reversed except in the most unusual circumstances. Tuominen v. Waldholm, 301 Minn. 492, 221 N. W. 2d 709 (1974); Backman v. Fitch, 272 Minn. 143, 137 N. W. 2d 574 (1965).

We are unable to say from the testimony and the record, when viewed as a whole, that the damages awarded to plaintiffs were insufficient due to the influence of passion and prejudice, or that the verdict rendered was so inadequate as to give rise to a clear abuse of discretion on the part of the trial court in denying a motion for a new trial. Backman v. Fitch, *supra*; Litman v. Walso, 211 Minn. 398, 1 N. W. 2d 391 (1941).

Plaintiffs argue that the court erred in refusing to instruct the jury on the aggravation of preexisting defects. We have carefully reviewed the record and can find no indication that such an instruction was requested. At the close of the court's instructions, plaintiffs neither requested additions or corrections, nor raised any objection. Therefore, we have no basis on which to consider plaintiffs' argument. See, Rule 51, Rules of Civil Procedure; Wadena v. Bush, 305 Minn. 134, 232 N. W. 2d 753 (1975).

Affirmed.