**Ed SMITH and Vera Smith, Appellants,**

v.

**Steve CARRIERE, Respondent.**

**No. 81–274.**

Supreme Court of Minnesota.

March 12, 1982.

Brink, Sobolik, Severson & Vroom and Robert K. Severson, Hallock, Meagher, Geer, Markham, Anderson, Adamson, Flaskamp & Brennan, Mary Jeanne Coyne and Steven D. Jamar, Minneapolis, for appellants.

Charlson & Marben and Curtis L. Charlson, Thief River Falls, for respondent.

---

TODD, Justice.

Ed Smith's truck was hit from the rear by a car driven by Steve Carriere. Smith brought an action for injuries sustained in the accident. The jury found Smith and Carriere 50% liable and found that Smith had not sustained any loss of earning capacity. Smith appeals the judgment below. We reverse for a new trial on all issues.

On the afternoon of January 16, 1979, the plaintiff, Ed Smith, was driving his pickup truck east on County Road 11 between Gentilly and Red Lake Falls. There was snow on the road and visibility was poor. Smith was maintaining a speed of 30–40 miles per hour. The defendant, Steve Carriere was driving on County Road 11 to Red Lake Falls from his home in East Grand Forks. He drove over a rise before the Gentilly Bridge where he could see ahead for about a mile. He was driving at a speed of about 50 to 55 miles per hour.

As Carriere proceeded across the bridge, he was aware that there was a car in front of him because there was snow being kicked up in the air by the car. The snow started to get thicker and he slowed to let the car get ahead. He looked up and saw taillights but could not avoid colliding with the plaintiff's pickup truck.

Ed Smith was going 30 to 40 miles per hour at the time of the collision. He had been watching his heat gauge because it was running a little hot. When his truck was hit from the rear, Smith's head went back and hit the rear window and then came forward. He did not notice any pain immediately after the accident, but when he got home he began to get stiff and sore. He went to the hospital in Red Lake Falls where he was hospitalized for neck and back pain. He was later transferred to a hospital in Grand Forks for physical therapy.

Prior to the accident, Mr. Smith had worked as a dry wall installer for various employers and in his own dry wall business. Afterwards he could not do the heavy work involved in hanging sheetrock. He was subsequently retrained as a radio announcer and is now employed at a radio station in Texas.

Smith brought an action against Steve Carriere for damages resulting from the accident. A trial was held in Red Lake County District Court. The jury, using a special verdict form, found Ed Smith and Steve Carriere each 50% negligent. They awarded Ed Smith a total of $22,622 in damages, including pain and distress, past loss of earnings, and past and future medical costs. The jury awarded no amount for future loss of earning capacity. Verna Smith received $3,000 in damages. These damages were reduced by the economic loss benefits paid by the plaintiffs' no-fault insurer, leaving Ed Smith a recovery of $3,920. This amount was further reduced by the percentage of Ed Smith's negligence so that he ultimately received $1,960 and Verna Smith received $1,500.

■ Plaintiffs argue on appeal that Ed Smith was not contributorily negligent as a matter of law. They further contend that even if a jury question exists as to Smith's negligence, the verdict cannot stand because the evidence does not support the jury's finding that he was equally at fault with the defendant. The question of negligence is for the jury to determine and their verdict should not be disturbed unless there is no evidence which reasonably supports the verdict or it is manifestly contrary to the evidence. *Gordon v. Hoffman*, 303 N.W.2d 250, 252 (Minn.1981); *Otterness v. Horsley*, 263 N.W.2d 403, 405 (Minn.1978). On reviewing the record, we are unable to find evidence to reasonably support a finding that the plaintiff was equally at fault.

■ The evidence relating to the accident itself is essentially undisputed. The plaintiff was driving at a sustained speed of 30 to 40 mph. The defendant was traveling at 50 to 55 mph as he approached the cloud of snow behind the plaintiff's truck. He did not see the plaintiff until he saw the lights from the pickup about five feet away, at which time he was unable to avoid a collision.

Defendant argues that the plaintiff should have pulled off the road because his

heat gauge was reading higher than usual. There is no evidence, however, that the high reading on the heat gauge caused Smith to drive more slowly. The plaintiff testified that he was driving slowly because of the blowing snow. The speed limit on County Road 11 was 55 mph. There was no evidence that a minimum speed limit was posted. No jury instruction was given on slow moving vehicles. In light of the poor driving conditions, the plaintiff's speed was reasonable. *See* Minn.Stat. § 169.14, subd. 3 (1980). The lights of the pickup truck were on and the plaintiff had made no sudden stops.

Defendant also argues that Smith was negligent in failing to keep a proper lookout for following traffic. Again there is no evidence to show that Smith could have seen the defendant's car approaching from the rear or could have avoided the collision if he had seen the car.

We find that the jury verdict is not reasonably supported by the evidence and we reverse and remand for a new trial on all issues. It is therefore unnecessary to address the issues raised by plaintiffs relating to damage for loss of earning capacity.

Reversed and remanded.