Ninada SATHER, deceased; Wayne Frederick Sather, individually and as Trustee for Next-of-kin of Ninada Jane Sather; Ellen Joan Padgett, deceased and James Burvell Padgett, individually and as Trustee for the Next-of-kin of Ellen Joan Padgett, Appellants,

v.

Vernon Lee SNEDIGAR, et al., Respondents.

No. C3–85–30.

Court of Appeals of Minnesota.

Aug. 20, 1985.

William D. Harper, Harper & Anderson, Cottage Grove, for appellants.

Michael H. Donohue, John H. Scherer, Donohue, Rajkowski, Hansmeier, Grunke & Jovanovidh, Ltd., St. Cloud, for respondents.

Heard, considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Following a trial brought pursuant to the Minnesota Wrongful Death Act, a jury returned a verdict against the plaintiffs, finding that plaintiffs' decedents were 100% at fault. The plaintiffs brought a motion for a new trial, claiming that the opposing counsel's closing argument was improper, caused passion and prejudice, and resulted in an irreconcilable and perverse verdict. The trial court denied the plaintiffs' motion and they appealed. We affirm.

## FACTS

This action arose out of an automobile accident which occurred on July 10, 1982. On that evening, shortly after midnight, Ninada Sather and her sister Ellen Padgett were traveling south on Highway 25 near Brainerd, Minnesota, when their Volkswagen Beetle collided with a motor home driven by the defendant, Vernon Snedigar. Snedigar was traveling north on Highway 25 at the time of the accident. Snedigar and the other occupants of the motor home survived the accident, but Sather and Padgett were killed instantly.

The heirs of Sather and Padgett brought this wrongful death action against Snedigar, claiming that his negligence was the cause of the accident. A jury disagreed, and found Ninada Sather to be completely at fault. The plaintiffs have appealed the trial court's denial of their motion for a new trial.

## ISSUES

1. Was the jury verdict so irreconcilable and perverse as to require a new trial?

2. Did comments by defense counsel which were made during closing argument require a new trial?

## ANALYSIS

### I.

As indicated above, the jury found Sather to be 100% negligent in causing the accident. In response to special interrogatories, the jury also found that the sisters' families had suffered no monetary damages as a result of their death. The jury had been instructed to answer the damages issue even if they found one or both of the sisters totally liable for the accident. The defendant concedes that a finding of zero damages was clearly against the weight of the evidence, but claims that this error was harmless, since the jury found Sather 100% negligent, which was supported by the evidence.

■ This issue has been specifically addressed by our supreme court. In *Otterness v. Horsley*, 263 N.W.2d 403 (Minn. 1978) where a jury had found no damages the court stated:

> [I]f the verdict on liability is supported by credible evidence, the denial of damages will not entitle plaintiffs to a new trial * * *

*Id.* at 405. Since in this instance there is evidence which reasonably supports the verdict and the verdict is not manifestly contrary to the evidence, the plaintiffs are not entitled to a new trial. *See Smith v. Carriere*, 316 N.W.2d 574, 575 (Minn.1982); *Otterness* at 405.

### II.

The plaintiffs object to statements made by counsel for the defendant during closing argument. The following remarks were allowed by the court:

> So this is what this case is about. It is an attempt by the plaintiffs' attorney to win big money before you.
>
> * * * So I suspect what was in mind, I can only speculate what was in plaintiffs' attorney's mind was figuring that with the testimony in the Padgett case that he could in effect bootstrap the damage question in the Sather case by way of the Padgett case and limit his testimony to the Padgett case, that is the only thing I can think of.
>
> When you consider that, look at this, at least in my view, a little slight of hand. Look at the damages as they are. Look at the damages as they are and try to be fair. That's it, be fair.
>
> *   *   *   *   *   *
>
> When you look at the economic testimony and that which was put together into $269,000 and this is where the $300,000 comes in, I ask you simply to look at why this testimony was put on, why it's here before you.

Plaintiffs claim that this argument caused passion and prejudice, resulting in the inconsistent jury verdict.

■ The decision whether to grant a new trial due to improper argument by counsel rests almost entirely within the discretion of the trial court, *Ahrenholz v. Hennepin County*, 295 N.W.2d 645, 649 (Minn.1980), and should not be reversed on appeal absent a clear abuse of discretion. *Connolly v. Nicollet Hotel*, 258 Minn. 405, 407, 104 N.W.2d 721, 724 (1960). As stated in *Connolly*:

> [I]t is elementary that counsel when arguing to the jury is entitled to present his client's case forcefully and fairly, and that his efforts are not to be crippled by compelling him to run a course of technical hazards either when he draws factual inferences from conflicting evidence or when he applies the law to the facts as he, as an advocate, sees them. Although he may not strike foul blows, he may strike hard blows which are not always technically correct. No precise rule can therefore be laid down defining the scope of legitimate argument in summing up a case before a jury. We have recognized that of necessity much latitude must be allowed to counsel. He is rarely limited to the immediate issues in the case but entitled to much latitude in that respect. * * *

*Connolly*, 258 Minn. at 419–20, 104 N.W.2d at 732.

The purpose of a new trial is not to punish counsel, but to cure prejudice. *See Nelson v. Twin City Motor Bus Co.,* 239 Minn. 276, 282–83, 58 N.W.2d 561, 565 (1953). A new trial is not warranted unless the misconduct of counsel clearly resulted in prejudice to the losing party. *Eklund v. Lund,* 301 Minn. 359, 362, 222 N.W.2d 348, 350 (1974). Here the trial court concluded that the allegedly improper statements "did not constitute serious misconduct," and "did not have a significant impact on the jury, or result in prejudice to plaintiffs."

Although the testimony at trial was conflicting, there is ample evidence in the record to support the jury verdict in favor of the defendant. The record also supports the trial court's determination that counsel's arguments did not have a significant impact on the verdict.

### DECISION

The plaintiffs were not entitled to a new trial. The decision of the trial court is affirmed.