458 N.W.2d 172 (1990)
Catherine A. ERICKSON, a minor, by David E. ERICKSON and Beverly A. Erickson, her parents and natural guardians, and David E. Erickson and Beverly A. Erickson, individually, Appellants,
v.
Delano HAMMERMEISTER, Respondent.
No. C2-89-1940.
Court of Appeals of Minnesota.
July 24, 1990.
Review Denied September 20, 1990.
*173 Michael D. Klampe, Gerald S. Weinrich, Klampe & Nordstrom, Rochester, for appellants.
Peter C. Sandberg, Gregory J. Griffiths, Dunlap, Finseth, Berndt & Sandberg, P.A., Rochester, for respondent.
Considered and decided by GARDEBRING, P.J., and NORTON and MULALLY,[*] JJ.

OPINION
GARDEBRING, Judge.
This appeal challenges the adequacy of the amount of additur awarded to appellants. We affirm.

FACTS
On June 22, 1985, four-year-old Cathy Erickson was bitten by a German Shepherd while attending a backyard picnic at respondent Delano Hammermeister's house. Earlier that day, Cathy had seen other children riding the dog. While the dog was sleeping, Cathy attempted to get on its back. This startled the dog. It bit her on the face exposing her jawbone and causing her to lose tissue and a portion of her jawbone, including two baby teeth and at least one permanent tooth bud. A scar runs from her inner right eye, across her nose, and under her left eyelid. Cathy will need to undergo comprehensive orthodontic treatment upon becoming a teenager. Her past and future medical and dental expenses total $9732.13.
Cathy's parents, appellants David and Beverly Erickson, commenced a personal injury action against Hammermeister, the dog's owner, under a theory of absolute liability. Minn.Stat. § 347.22 (1984). The sole issue of damages was tried to a jury. The jury found that Cathy did not provoke the dog and awarded the Ericksons $8752.13 for past and future medical and dental expenses and $40 for past and future pain and suffering.
The Ericksons moved for additur or a new trial or a Schwartz hearing. The trial court granted a new trial on the issue of damages unless Hammermeister consented to additur in the amount of $3750 for pain and suffering. Hammermeister accepted the additur. The Ericksons appeal, contending the amount of additur is inadequate as a matter of law.

ISSUES
1. Is the amount of additur inadequate?
2. Did the trial court err by allowing the jury to decide the issue of provocation?
3. Are appellants entitled to a Schwartz hearing?
4. Is the pretrial offer of judgment part of the record on appeal?

ANALYSIS

Adequacy of Additur
The Ericksons' main contention is that the amount of additur awarded by the trial court is inadequate as a matter of law.
There is no fixed standard by which damages for injuries can be measured. An award will not be overturned because an appellate court might have allowed a more generous recovery or because another jury might return a larger verdict. It is the rule in this state that the question of whether damages are adequate is addressed in the first instance to the discretion of the trial court. Its decision will not be reversed except in the most unusual circumstances.
Tuominen v. Waldholm, 301 Minn. 492, 493, 221 N.W.2d 709, 710 (1974).
The general rule is that a new trial on damages will be ordered "only where a verdict is so inadequate or excessive that * * * it could only have been rendered on account of passion or prejudice." In addition, if damages are inadequate and there is an indication that they were awarded due to a compromise between the right of recovery and the amount of damages, a new trial on damages is proper. *174 Seim v. Garavalia, 306 N.W.2d 806, 813 (Minn.1981) (quoting Krueger v. Knutson, 261 Minn. 144, 154, 111 N.W.2d 526, 533 (1961)).
In reviewing the sufficiency of this award we must consider the evidence in the light most favorable to the verdict. The award should not be set aside unless it is manifestly and palpably contrary to the evidence.
Levienn v. Metropolitan Transit Commission, 297 N.W.2d 272, 273 (Minn.1980).
The Ericksons contend the jury's verdict was the result of a compromise between Cathy's right to recover and the amount of her general damages. In Kloos v. Soo Line Railroad, 286 Minn. 172, 176 N.W.2d 274 (1970), the plaintiff incurred special damages of $4135 in out-of-pocket medical expenses and general damages for loss of consortium and termination of his dairy farm operation, due to his wife's injury in an automobile accident. The jury awarded him a general verdict of $3182. The trial court increased the award to $4135 and denied the plaintiff's motion for a new trial. The supreme court reversed and granted a new trial, finding that because the jury's award was less than the undisputed out-of-pocket expenses, the jury apparently failed to address the elements of the plaintiff's general damages. The failure to provide an award for general damages violated the plaintiff's right to a jury trial, meaning the right to a fair and impartial consideration of all proven elements of damages. Therefore, an award of additur that included only the total amount of special damages incurred and that ignored proven general damages was inadequate to cure the violation of the plaintiff's right to a jury trial. Id. at 177-78, 176 N.W.2d at 277-78.
In the present case, the jury rendered a special verdict awarding $8752.13 in special damages and $40 in general damages. We agree with the trial court that $40 is a nominal award in light of the permanent injuries Cathy sustained. We believe the jury may have compromised the right of recovery and the amount of damages. This is a situation contemplated by Seim where a new trial or additur is appropriate.
On appeal, we must appraise the conditional denial of a new trial in light of the amount of additur. See Dziuk v. Loehrer, 266 Minn. 153, 164, 123 N.W.2d 86, 94 (1963). The trial court increased the general damage award to $3750.
The dissent relies upon Seydel v. Reuber, 254 Minn. 168, 173, 94 N.W.2d 265, 269 (1959), which establishes two tests to determine the adequacy of additur. The first test is whether the amount of the recovery, when combined with the additur, remains less than the amount of the proven special damages. This test is inapplicable in the present case because the $8752.13 special damage award combined with the $3750 additur exceeds the amount of the proven $9752.13 special damages by $2750.
The second test is whether the verdict approaches what may be termed a nominal award. The Ericksons do not dispute the adequacy of the special damages awarded. Whereas the jury's verdict of $40 for general damages is nominal in view of the evidence, an additur of $3750 is not so nominal as to be considered inadequate.
Unlike the facts in Kloos, there is no evidence the jury failed to consider all proven elements of general damages so as to deny the Ericksons' right to a fair trial. Although we might have awarded a more generous recovery for general damages, we cannot find that the amount awarded by the trial court is so manifestly and palpably contrary to the evidence as to constitute an abuse of discretion. We therefore affirm the amount of additur and hold that the Ericksons are not entitled to a new trial on the issue of damages.

Provocation
Minnesota's dog bite statute imposes absolute liability upon the dog's owner if the person bitten establishes that each element of the statute has been violated. Seim, 306 N.W.2d at 809, 812. The statute provides:
If a dog, without provocation, attacks or injures any person who is peaceably conducting himself in any place where he *175 may lawfully be, the owner of the dog is liable in damages to the person so attacked or injured to the full amount of the injury sustained.
Minn.Stat. § 347.22 (1984). Provocation is the owner's defense to liability. Grams v. Howard's O.K. Hardware Co., 446 N.W.2d 687, 689 (Minn.App.1989), pet. for rev. denied (Minn. Dec. 15, 1989). Whether the dog was provoked is an issue of fact. Bailey v. Morris, 323 N.W.2d 785, 787 (Minn.1982).
In Grams, a 22-month-old child was bitten by a dog having hip displasia, a painful hip condition which is undetectable without seeing the dog walk. The child had petted the dog without incident, but later the same day, the child was bitten when she placed her arms around the dog's neck. The court of appeals held that provocation did not exist as a matter of law upon finding: (1) the owner knew the dog was in pain; (2) the pain was not apparent to observers; (3) the child was only 22 months old and there was no evidence indicating the child appreciated the danger in approaching the dog; and (4) there was no evidence demonstrating the child's act was anything other than inadvertent.
Unlike Grams, Hammermeister's dog was not in any pain, although it may have been tired from giving children rides earlier in the day. Hammermeister had no knowledge of any pain. The dog had given rides on previous occasions without incident. Cathy was four years old, and while four is a young age, the record reveals Cathy was familiar with animals. The evidence indicates that Cathy tried to sit on the dog while it was sleeping. Under these facts, it cannot be found that the issue of provocation was absent as a matter of law. The trial court properly submitted the issue of provocation to the jury. See Bailey, 323 N.W.2d at 787.

Schwartz Hearing
The Ericksons contend the trial court erred by denying their motion for a Schwartz hearing to investigate alleged juror misconduct in determining the award for general damages. See Schwartz v. Minneapolis Suburban Bus Co., 258 Minn. 325, 328, 104 N.W.2d 301, 303 (1960). The motion was based upon an article in the Rochester Post Bulletin which reported that one of the jurors had said that the jury "did not feel anyone was at fault" and that "we just weren't going to milk the system." The Ericksons allege the article's contents show the jury erroneously considered fault issues in an absolute liability action.
The granting of a Schwartz hearing is within the trial court's discretion. Zimmerman v. Witte Transportation Co., 259 N.W.2d 260, 262 (Minn.1977). A Schwartz hearing is only conducted to correct a clerical error. Bianchi v. Nordby, 409 N.W.2d 835, 838 (Minn.1987). It is not available to impeach the jury's verdict when it misunderstood the legal effect of its verdict. Id. at 837.
Whether a motion to change a verdict, or in the alternative to vacate it and grant a new trial, calls merely for relief from clerical error in reducing the verdict to writing, or constitutes an attempt to impeach the verdict itself is primarily a question of fact.
Bauer v. Kummer, 244 Minn. 488, 492, 70 N.W.2d 273, 276 (1955). This court must view the evidence in the light most favorable to the trial court's finding and determine whether the evidence sustains the finding that the Ericksons were not in fact seeking to correct a clerical error in recording the verdict, but rather they were seeking to impeach the verdict itself. Id. at 494, 70 N.W.2d at 277.
The only item offered to substantiate the allegation of juror misconduct is the Post article implying the jury fully intended to award $40 for pain and suffering. There is no evidence indicating a clerical error occurred in recording the verdict or juror misconduct. We uphold the trial court's finding and rule that the Ericksons sought to impeach the verdict itself; thus, the trial court correctly denied a Schwartz hearing.

Offer of Judgment
The Ericksons' appellate brief makes several references to a pretrial offer *176 of judgment made by Hammermeister which they rejected. This offer was never filed with the trial court or made a part of the official record. Hammermeister moved this court to exclude all references to the offer of judgment.
An appellate court may not base its decision on matters outside the record on appeal, and may not consider matters not produced and received in evidence below.
Thiele v. Stich, 425 N.W.2d 580, 582-83 (Minn.1988). Unaccepted settlement offers are not admissible as evidence except in a proceeding to determine costs and disbursements. Minn.R.Civ.P. 68; Minn.R.Evid. 408.
The offer of judgment is not a part of the record on appeal and, therefore, it was not considered in reaching our conclusion. No sanction will be imposed.

DECISION
The amount of additur awarded by the trial court is within the trial court's discretion and is not so manifestly and palpably contrary to the evidence as to constitute an abuse of discretion. There is no evidence the jury failed to render a fair and impartial consideration of all proven elements of special and general damages. Furthermore, the Ericksons failed to allege any facts sufficient to require a new trial on the issue of damages. The trial court properly submitted the factual issue of provocation to the jury. The Ericksons also failed to produce evidence of a clerical error in the recording of the verdict. They were therefore properly denied a Schwartz hearing.
Affirmed.
NORTON, Judge (dissenting).
I would reverse and remand for a new trial on damages. The trial court's findings strongly support a much larger additur than was granted. Specifically, the court found:
Young Catherine was sitting next to the dog, when the dog, twice her size, turned and bit her in the face. After the bite, Catherine was running around the yard screaming, with blood over her face and dress. She was rushed to the Emergency Room still crying, and underwent surgery.
* * * * * *

Here, the jury's verdict is inadequate based on the evidence and appears to be a result of passion or prejudice. The verdict was not within the range of reasonable awards. The evidence before the court on the issue of damages was largely uncontradicted and mandated general damages in excess of $40.00. At trial, evidence from both Dr. Ogle, Catherine's dentist and Dr. Finnegan, Catherine's orthodontist, concerned Catherine's severe injury. Catherine underwent continuing medical treatment for these injuries and will have to undergo medical treatment for the rest of her life for these injuries. The two scars on Catherine's face are certainly not as obvious as they might have been, but the photo exhibits illustrate they are noticeable from a short distance. Defendant points to isolated statements made by the Plaintiff's orthodontist and dentist as evidence the jury could have used in reaching its decision. However, the mere fact that Dr. Ogle was proud of his work with Catherine's scars and that her scars could have been worse, does not support a verdict of little or nothing in damages. Dr. Finnegan's contention that acute pain is rare, also does nothing to counteract the uncontradicted evidence that Catherine experienced extreme pain when bitten and will experience pain as a result of this dog bite. As a result of this dog bite, Catherine will live with permanent dental bridges, suffer the inconvenience, embarrassment, and pain of braces, undergo continuing medical treatment for her problems, and live with the scars on her face for the rest of her life. Obviously, the scars alone will influence Catherine's adolescent years. None of this would have been necessary but for this dog bite. The fear and pain experienced by Catherine as a result of this bite by a dog twice her size, which removed a portion of her upper jaw and opened the bridge *177 of her nose to the bone, is obvious and alone requires general damages in excess of $40.00. Even defense counsel, in his final argument, suggested a total jury award of $12,500.00, far greater than the award the jury made.
Memorandum to Findings of Fact, Conclusions of Law and Order for Judgment, pp. 2-4 (emphasis added).
The trial court's reaction to the jury's verdict, reciting with some passion the serious injuries this little girl suffered, cannot be reconciled with its de minimus additur. The trial court's additur simply does not square with its findings.
When damages are inadequate, additur should be sufficient to cover proven general damages. See Seydel v. Reuber, 254 Minn. 168, 172, 94 N.W.2d 265, 268-69 (1959).
[A]n additur increasing the verdict will not cure the deficiency if the amount of the recovery, in spite of the additur, still remains less than the amount of the special damages proved.
Id. at 173, 94 N.W.2d at 269. I agree with the majority that the facts in this case differ from those in Seydel. In that case, the damages after additur remained less than the special damages proved. Here, the damages after additur exceed the amount of special damages. However, I dissent from the majority's conclusion that this additur is neither nominal nor entirely inadequate.
It is still subject to the classification of an award that is entirely inadequate, for the reason that it does not even approach what may be termed a nominal award for general damages and we have said that a mere nominal award will not suffice if substantial general damages are proved.
Id.
The $3750 additur is inconsistent with the trial court's findings and is so manifestly and palpably contrary to the evidence as to constitute an abuse of discretion.
[U]nless the use of additur increases the verdict, if entirely inadequate, to the extent that it reasonably comports with the proof in the record, a better result would be reached by granting a new trial.
Id. at 171, 94 N.W.2d at 268.
Because I believe the additur is clearly inadequate in view of the undisputed general damages, and because there is a strong likelihood a compromise verdict occurred as the majority points out, I would reverse and remand for a new trial on the sole issue of damages. See Kloos v. Soo Line Railroad, 286 Minn. 172, 178, 176 N.W.2d 274, 278 (1970). A new trial is the only way to provide justice to Catherine Erickson.
For these reasons, I respectfully dissent.
NOTES
[*] Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.